## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWN SMALLS** | **CIVIL ACTION NO. 20-1198** |
| **v.** | **SECTION L** |
| **WOOD GROUP PSN, INC., SPARROWS OFFSHORE, LLC AND ABC COMPANY** | **JUDGE ELDON E. FALLON** |
| | **MAG. KAREN WELLS ROBY** |

### WOOD GROUP PSN, INC.'S ANSWER TO COMPLAINT OF PLAINTIFF SHAWN SMALLS

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Wood Group PSN, Inc. (hereinafter referred to as "Wood Group" or "Defendant"), and in Answer to the Complaint of Plaintiff, Shawn Smalls, states as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a right of action upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred by prescription, preemption, peremption, and/or laches.

### FOURTH DEFENSE

**AND NOW** answering separately the allegations of Plaintiff's Complaint, Wood Group avers as follows, responding only for itself and for no other party and denying liability and all allegations against it except as follows:

21365004_1

**I.**

In response to the allegations contained in Paragraph I of Plaintiff's Complaint, Wood Group admits only that it is a foreign corporation, licensed to do and doing business in the State of Louisiana.  Except as expressly admitted, the remaining allegations contained in Paragraph I of Plaintiff's Complaint are denied for a lack of sufficient knowledge or information upon which to form a belief as to the truth asserted therein.

**II.**

The allegations contained in Paragraph II of Plaintiff's Complaint state conclusions of law that require no response from Wood Group.  To the extent that a response is deemed necessary, the allegations are denied for a lack of sufficient knowledge or information upon which to form a belief as to the truth asserted therein.

**III.**

The allegations contained in Paragraph III of Plaintiff's Complaint are denied for lack of sufficient knowledge or information upon which to form a belief as to the truth asserted therein.

**IV.**

The allegations contained in Paragraph IV of Plaintiff's Complaint are denied for lack of sufficient knowledge or information upon which to form a belief as to the truth asserted therein.

**V.**

The allegations contained in Paragraph V of Plaintiff's Complaint are denied for lack of sufficient knowledge or information upon which to form a belief as to the truth asserted therein.

**VI.**

The allegations contained in Paragraph VI of Plaintiff's Complaint are denied for lack of sufficient knowledge or information upon which to form a belief as to the truth asserted therein.

21365004_1

## VII.

The allegations contained in Paragraph VII of Plaintiff's Complaint, including subparts A. – G., are denied.

## VIII.

The allegations contained in Paragraph VIII of Plaintiff's Complaint are not addressed to Wood Group and therefore require no response of Wood Group.  To the extent that a response is deemed necessary, the allegations contained in Paragraph VIII, including subparts A. – H., are denied.

## IX.

The allegations contained in Paragraph IX of Plaintiff's Complaint are not addressed to Wood Group and therefore require no response of Wood Group. To the extent that a response is deemed necessary, the allegations contained in Paragraph IX, including subparts A. – H., are denied.

## X.

The allegations contained in Paragraph X of Plaintiff's Complaint are denied.  Wood Group denies that it is liable to Plaintiff for any damages alleged under any theory of recovery.

## XI.

Plaintiff's demand for a jury contained in unnumbered Paragraph XI of Plaintiff's Complaint requires no response from Wood Group, but to the extent that a response is deemed necessary, the allegations are denied as stating legal conclusions.

## PRAYER FOR RELIEF

Except as previously admitted, Wood Group denies any allegation contained in any unnumbered, mis-numbered, and/or omitted paragraphs in Plaintiff's Complaint and denies the

3

allegations contained in unnumbered Paragraph XII of Plaintiff's Complaint, commonly referred to as the prayer for relief to the extent it contains allegations against Wood Group.

## FIFTH DEFENSE

Plaintiff's alleged accident and damages, if any, were caused or occasioned by his own fault and neglect, which is pleaded in bar or diminution of recovery herein.

## SIXTH DEFENSE

Plaintiff failed to exercise reasonable and ordinary prudence with regard to his own safety.

## SEVENTH DEFENSE

In the alternative, Plaintiff's alleged accident and damages, if any, were the result of avoidable consequences for which Wood Group cannot be held responsible.

## EIGHTH DEFENSE

In the further alternative, Plaintiff's alleged accident and damages, if any, were caused or occasioned by fault, negligence, or statutory violations of third-parties for which or for whom Wood Group is not legally responsible.

## NINTH DEFENSE

In the further alternative, Plaintiff's alleged accident and damages, if any, were caused or occasioned by intervening and/or superseding causes for which Wood Group is not legally responsible.

## TENTH DEFENSE

In the further alternative, Wood Group avers that its liability, if any, which it specifically denies, is purely passive and/or technical while the liability of others, including Shawn Smalls, is

4

actual and/or active, thus entitling Wood Group to full indemnification from those others who were negligent, intentional or otherwise at fault.

## ELEVENTH DEFENSE

In the further alternative, Plaintiff failed to take reasonable steps to mitigate his damages, if any.

## TWELFTH DEFENSE

In the further alternative, Wood Group avers that Plaintiff's injuries, if any, were caused by an unforeseeable, unavoidable accident for which Wood Group cannot be held responsible.

## THIRTEENTH DEFENSE

In the further alternative, Wood Group avers that Plaintiff's present and/or prospective medical, physical and/or mental, condition(s) are not the result of any incident on March 7, 2020 as described in Plaintiff's Complaint, but rather pre-existed or occurred prior to or subsequent to the alleged accident, and/or have no causal connection to the alleged accident.

## FOURTEENTH DEFENSE

In the further alternative, Wood Group avers that, to the extent Plaintiff sustained an injury as alleged, such injury, at most, was an aggravation of a pre-existing injury or condition that was not work related and did not occur on March 7, 2020 or at any time while Plaintiff was in the course and scope of his employment.

## FIFTEENTH DEFENSE

In the further alternative, Wood Group avers that the claims of Plaintiff are barred, in whole or in part, by assumption of the risk by the Plaintiff.

21365004_1

### SIXTEENTH DEFENSE

Wood Group avers that it did not breach any duty owed to Plaintiff.  Any damages allegedly sustained by Plaintiff are unrelated to any negligence, inattention to duty, negligent operation, breach of warranty both implied and express, breach of statutory duties, rules and regulations, or other violations of law or contract on the part of Wood Group.

### SEVENTEENTH DEFENSE

Alternatively, Wood Group is entitled to a set off and/or credit for all payments made to or on behalf of Plaintiff by any source, collateral or otherwise.

### EIGHTEENTH DEFENSE

Alternatively, if Wood Group was negligent, which is at all times denied, then that negligence or fault should be reduced by other parties and/or non-parties negligence of fault, and all damages against Wood Group should be reduced accordingly.

### NINTEENTH DEFENSE

Wood Group affirmatively avers that Plaintiff has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Wood Group for which he may recover any amount.

### TWENTIETH DEFENSE

Alternatively, Wood Group affirmatively avers that in the event that it is found negligent or otherwise at fault in any way to Plaintiff, which is specifically denied, then the other acts or omissions of Plaintiff or third persons, parties, contractors, or entities for whose actions Wood Group is not legally responsible were the sole intervening or superseding causes of his alleged accident and alleged damages.

### TWENTY-FIRST DEFENSE

Alternatively, Wood Group affirmatively avers that in the event that it is found liable in any way to Plaintiff, which is denied, any liability on Wood Group's part is merely joint liability and not joint and several (nor *in solido*) with the liability of other parties or non – parties for whom Wood Group is not responsible.

### TWENTY-SECOND DEFENSE

Wood Group avers that at all pertinent times it conducted its affairs in a safe and lawful manner, adhering to state and federal guidelines, laws, and regulations, industry standards, rules, and regulations, and accepted practices of the industry, both locally and nationally, and was free from fault, negligence, strict liability, or any other culpable conduct and from intentional or reckless disregard for the safety or wellbeing of Plaintiff.

### TWENTY-THIRD DEFENSE

Alternatively, Plaintiff has failed to follow medical advice and this failure is the cause of any of his alleged medical conditions.

### TWENTY-FOURTH DEFENSE

Plaintiff cannot recover for any medical treatment or medical bills which are determined to be unreasonable, unnecessary, or unrelated to his alleged accident.

### TWENTY-FIFTH DEFENSE

In the further alternative, Wood Group avers the affirmative defense of want of amicable demand.

7

21365004_1

### TWENTY-SIXTH DEFENSE

To the extent Plaintiff's claims were caused by an independent contractor over which Wood Group had no control, Wood Group cannot be liable and is not responsible for any actions, negligence, fault or liability of or offenses committed by that independent contractor.

### TWENTY-SEVENTH DEFENSE

Wood Group avers that Plaintiff's alleged accident and injuries were not caused by any alleged negligent or defective condition of its equipment, or appurtenances or personnel.

### TWENTY-EIGHTH DEFENSE

Wood Group specifically avers that it did not have care, custody, or control over the platform or vessel or any of its component parts or equipment at any relevant time.

### TWENTY-NINTH DEFENSE

The condition of which Plaintiff complains was open and obvious and known to him prior to his alleged accident, and Plaintiff cannot make any recovery against Wood Group.

### THIRTIETH DEFENSE

Alternatively, Plaintiff's claims against Wood Group are barred by the provisions of the Longshore and Harbor Workers' Compensation Act and/or the Louisiana State Workers' Compensation Act, including, but not limited to, the "borrowed employer" and/or "statutory employer" defenses.

### THIRTY-FIRST DEFENSE

Alternatively, any employees of Wood Group present at the time of Plaintiff's alleged accident were working as the borrowed employees of others.

<u>**THIRTY-SECOND DEFENSE**</u>

Wood Group pleads any defenses available pursuant to the terms, conditions, warranties, limitations, duties, and work arrangements contained in any contracts between Wood Group and any other party related to the allegations in this lawsuit or the incident at issue.

<u>**THIRTY-THIRD DEFENSE**</u>

Wood Group is entitled to defense, indemnity and insurance coverage pursuant to the contracts applicable to this incident.

<u>**THIRTY-FOURTH DEFENSE**</u>

Alternatively, Wood Group avers that subsequent to his alleged accident Plaintiff reached maximum medical cure and was capable of returning to work.

<u>**THIRTY-FIFTH DEFENSE**</u>

Wood Group avers that Plaintiff fails to allege any facts or circumstances that could render Wood Group liable for punitive damages, multiple damages or penalties.

<u>**THIRTY-SIXTH DEFENSE**</u>

To the extent Wood Group is found liable to Plaintiff for any compensatory damages, which is not admitted but specifically denied, Wood Group affirmatively avers it is entitled to a credit and/or offset for any and all amounts of compensation, benefits, advances, or wages which Plaintiff received from other sources, including, without limitation, short term disability benefits, state or federal workers' compensation benefits, or maintenance and cure.

<u>**THIRTY-SEVENTH DEFENSE**</u>

While denying all the allegations of the Complaint regarding liability and damages allegedly sustained by Plaintiff, any actions or inactions of Wood Group did not proximately cause any of the damages alleged.

9

## THIRTY-EIGHTH DEFENSE

Plaintiff is not entitled to prejudgment interest, as a matter of law.

Wood Group specifically reserves the right to supplement, amend and/or modify its Answer and Defenses to conform to such facts as may be revealed during discovery or otherwise.

**WHEREFORE,** Defendant, Wood Group PSN, Inc. prays that its Answer to the Complaint of Plaintiff, Shawn Smalls, be deemed good and sufficient and, after due delays and proceedings be had, there be judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice at Plaintiff's cost, together with such other relief deemed appropriate by the Court.

Respectfully submitted:

*/s/ Lauren A. Guichard*

Amanda Howard Lowe (#32507)
Lauren A. Guichard (#35800)
**KEAN MILLER LLP**
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050
Facsimile: (504) 585-3051
amanda.lowe@keanmiller.com
lauren.guichard@keanmiller.com

**Attorneys for Wood Group PSN, Inc.**

10